CINCINNATI, N. O. & T. P. RY. CO. v. McINTYRE.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1914.)

No. 2401.

RAILROADS (§ 376*)—PERSONS ON TRACK—DISCOVERY—DUTY TO STOP TRAIN.

Where decedent was discovered on the track by defendant's brakeman on the approaching train at the full distance ahead for which physical objects permitted a view of the track, and every possible means to stop the train was not immediately taken as required by Shannon's Code, Tenn. §§ 1574–1576, and decedent was struck and killed, the railroad company was liable.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1275–1279; Dec. Dig. § 376.*

Care required of railroads as to trespassers on or near tracks, see note to Louisville & N. R. Co. v. Womack, 97 C. C. A. 566.]

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Action by Thomas McIntyre, as administrator of Senia McIntyre, deceased, against the Cincinnati, New Orleans & Texas Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

R. M. Jones, of Knoxville, Tenn., for plaintiff in error.

G. W. Pickle, of Knoxville, Tenn., for defendant in error.

Before WARRINGTON and DENISON, Circuit Judges, and TUTTLE, District Judge.

PER CURIAM. The jury found that the operators of the train which killed Mrs. McIntyre had not kept a lookout ahead or had not, after she appeared on the track, used every possible means to stop the train, as required by Shannon's Tennessee Code, §§ 1574, 1575, 1576. There seems no doubt that she was seen by the brakeman lookout at the full distance ahead for which physical obstacles permitted a view

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the track. Though this distance was short, and though, giving the utmost permissible force to the plaintiff's testimony and theory, the delay was very brief, after she was seen and the statutory precautions could have been taken and before they actually were taken, yet we think there was room for the jury to conclude that the railroad company did not fully meet the duty imposed by this statute and by the familiar very rigorous construction of the law put upon it by the Supreme Court of Tennessee.

The judgment is affirmed, with costs.